SO ORDERED.

SIGNED this 07 day of September, 2007.



_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| In re: | ) | |
|---|---|---|
| DEMETRIUS DELAYNE REED, | ) | Case No. 03-40669-7 |
| Debtor. | ) | |
| In re: | ) | |
| ANTHONY WILLIAM SCHULTZ and TONYA LOUISE SCHULTZ, | ) | Case No. 03-42331-7 |
| Debtors. | ) | |
| In re: | ) | |
| CARLTON DELANCE LOVE and LAREASHA LYNETTE LOVE, | ) | Case No. 04-42566-7 |
| Debtors. | ) | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTIONS TO RECONSIDER OR AMEND JULY 9, 2007 ORDER**

This matter is before the Court on the Motion to Reconsider filed by Debtors Reed and Love[1] and on the Motion to Alter or Amend Ruling of July 9, 2007, Regarding Paragraph 9 (or Paragraph 10) of the Confirmation Order filed by Debtors Schultz.[2] Each of these motions timely seek reconsideration of the Court's July 9, 2007 Memorandum Opinion and Order. In that order, the Court held that the Chapter 7 Trustee in each of these converted cases has an interest in the Debtors' post-petition, but pre-conversion, tax refunds. This holding was based on language contained in the standard Chapter 13 Confirmation Order and a finding that res judicata now bars alteration of the terms of the confirmation orders.

## I. STANDARD OF REVIEW FOR A MOTION FOR RECONSIDERATION

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, and allows for alteration or amendment of judgments on the grounds for relief set forth in Rule 60(b) of the Federal Rules of Civil Procedure, as incorporated in Bankruptcy Rule 9024.[3] Grounds for relief include mistake, inadvertence, surprise, excusable neglect, fraud or newly discovered evidence. A motion to reconsider that is filed within ten days of the entry of judgment is treated as a motion to alter or amend.[4]

The legal standard for granting a motion for reconsideration is narrow. "A motion for reconsideration should be granted only to correct manifest errors of law or to present newly

---

[1] Doc. 145 in Case No. 03-40669 and Doc. 156 in Case No. 04-42566, respectively.

[2] Doc. 98 in Case No. 03-42331.

[3] *See In re Colley*, 814 F.2d 1008, 1010 (5th Cir. 1987).

[4] *In re American Freight System, Inc.*, 168 B.R. 245, 246 (D. Kan. 1994).

2

discovered evidence."[5]  "Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally."[6]

## II. ANALYSIS

On July 9, 2007, this Court held that in these cases, the Chapter 7 trustee had an interest in the post-petition tax refunds the Debtors either received, or were entitled to receive, pre-conversion. This holding was based upon the following sentence contained in each Confirmation Order:

> In a case which is converted to another Chapter under Title 11 of the United States Code, property, other than funds which the Chapter 13 Trustee has on hand, and moneys which have been withheld from the debtor's wages not remitted to the Trustee, which are part of the Bankruptcy estate at the time of conversion, including tax refunds, shall be administered by the successor Trustee.

The Court also held that even though the language in question directly conflicted with 11 U.S.C. § 348(f), it was binding on these Debtor because the confirmation orders[7] were final orders that Debtors did not elect to appeal.

The Court did not hear evidence on this issue, as it was not sought by any of the parties involved, and the Court did not consider it necessary, because the Court was merely being asked to interpret its own order. Debtors have now moved for reconsideration,

---

[5]*Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, n. 5 (10th Cir. 2000) (internal quotations omitted).

[6]*Zhou v. Pittsburg State Univ.*, 252 F. Supp. 2d 1194, 1199 (D. Kan. 2003) (citing *Van Skiver v. U.S.*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[7]The Confirmation Orders were entered on July 25, 2003, November 20, 2003 and May 25, 2005, respectively.

3

claiming they were deprived of the opportunity to present evidence on the meaning of the pertinent sentence in this Court's order.

Although the Court doubted that evidence was appropriate or necessary, it solicited a proffer of any evidence the parties would attempt to admit if the Court granted the belated request to present evidence. After reviewing the proffered evidence, the Court finds that its decision would not be altered by the admission of the additional evidence, and therefore denies the request for presentation of evidence concerning the meaning of the sentence in question.

### A.  Reconsideration in Schultz

The Schultzes' proffer is a letter from Chapter 13 Trustee Jan Hamilton, and the allegation that they would call Mr. Hamilton, who they suggest would testify that the Court misinterpreted the true meaning of the applicable sentence in the Confirmation Order. Although the Court does not discount Mr. Hamilton's knowledge of the origins of the Confirmation Order, which form order admittedly predates this judge's time on the bench, the Court finds Mr. Hamilton's letter, submitted by the Debtors, combined with the briefs[8] submitted by Mr. Hamilton on this very issue, as well as the allegation of what his additional testimony would be, would not lead the Court to a different result, even if the Court were to admit the additional testimony.

---

[8] Docs. 133 and 137 in *Reed*, Docs. 82 and 87 in *Schultz*,, and Docs. 142 and 146 in *Love*.

Debtors contend that Mr. Hamilton would testify that the language in the subject sentence is "ambiguous at best and subject to differing interpretations," and that one of the possible interpretations of the language is that "the tax refunds for years subsequent to the filing of the case are not property of the estate in a case which is converted to Chapter 7." Unfortunately, this purported proffer is directly contrary to the position taken by Mr. Hamilton in both his letter to the Court dated March 28, 2007, which the Schultzes submitted as an attachment in support of their motion for reconsideration, and the briefs he filed on this issue.[9]

Paragraph 15 of Mr. Hamilton's letter contains the following statements:

> Basically, we were trying to avoid reopening Chapter 13 cases. Because as a Chapter 13 Trustee, I have no authority to act after a case is converted, and because 11 U.S.C. 348(f)(1)(A) essentially gives the debtor possession and ownership of any asset accumulated post-petition, **the addition to the Confirmation Order was obviously created as a way to try to get around 348 and the problems in this area.**[10]

Paragraph 16 then states:

> I am rather surprised that this issue is just now raising its head. I have not heard any of the Chapter 13 debtor's attorneys commenting on it nor have I heard any of the Chapter 7 Trustees comment upon it. **I frankly had assumed that it was working as a tool to allow the Chapter 7 Trustee to collect the Chapter 13 debtor's assets that should have been administered in the Chapter 13.** I do not know if it was ever used, until of late.

---

[9] Doc. 82 in Case No. 03-42331. It should be noted that if the Schultzes contend that Mr. Hamilton would now testify in contradiction to his letter and the position he took in his briefs, an affidavit to that effect would have been more persuasive.

[10] Emphasis added.

5

> **I frankly expected there would be a challenge to the Confirmation Order because it conflicts with 11 U.S.C. 348(f)(1)(A).** I assumed this would be 1327 issues. No one has, to my knowledge, in apparently around seven or eight years, seen fit to challenge it.[11]

Finally, in paragraph 17, Mr. Hamilton states:

> Because of BAPCPA and the unknown as to whether or not the post-petition tax refund in a converted case would continue to be a part of the Chapter 13 post petition estate, this whole area may be suspect. **I believe the current confirmation order prejudges that issue and the paragraph should be stricken until this issue is resolved.**[12]

Contrary to the Schultzes' suggestion, Mr. Hamilton's letter is entirely consistent with the Court's ruling in these cases. The Court expressly noted that the subject sentence in the Confirmation Order was in direct conflict with the clear provisions of § 348(f), because it allows the Chapter 7 Trustee to administer assets that theoretically should have been administered through the Chapter 13 estate (by the debtor reporting receipt of the post-petition asset and turning it over), but that were not so administered prior to, or as a result of, the conversion. And it does so without the necessity of the Trustee proving bad faith under § 342(f)(2).

Even if the Court now allowed Mr. Hamilton to testify that he believes the language is ambiguous, such testimony would directly contradict what he previously argued, which is that "[h]ere, the provision, on its face, is unambiguous. The provision speaks for itself even

---

[11]Emphasis added.

[12]Emphasis added.

if the consequences of the same are unintended."[13] Further, such testimony would not cause the Court to change its decision. The Court based its decision on its interpretation of its own confirmation order, and the fact that Mr. Hamilton might (or might not) now offer a different interpretation would not change the Court's ruling.

The Schultzes' motion for reconsideration also questions whether the Debtors should be allowed to use their tax refunds for everyday living expenses, which is commonly allowed in Chapter 13 cases when the debtor can demonstrate that he has had unbudgeted or unexpected expenses, or an unbudgeted or unexpected drop in income, and that he used his income to pay for those unexpected expenses instead of everyday expenses. The Court did not decide the issue because of the procedural posture of the case. The Trustee had not yet filed a formal motion for turnover, nor had the Trustee formally alleged bad faith.

If the Trustee files such motion, the Court will then decide the underlying issue of how much, if any, of the refund must be turned over to the Chapter 7 estate. The Court has provided some guidance in its July 9, 2007 opinion regarding the standard that will be used in such event, but has not actually decided what the precise standard will be.

**B.     Reconsideration in *Reed* and *Love***

Mr. Reed and the Loves have also asked the Court to reconsider its decision, and now allow the testimony of one English professor and one tutor in the English Department at Washburn University who would testify that there are alternative ways to construe the

---

[13]*See, e.g., In re Reed*, Case No. 03-40669, Chapter 13 Trustee's Brief Regarding Paragraph 9 of the Order Confirm, Doc. 133 at p. 8.

7

pertinent sentence that counsel suggests would be "grammatically correct, internally consistent, consistent with the bankruptcy code, the intent of the drafter and the prior conduct of the parties." Debtors suggest these gentlemen would testify that the phrase "including tax refunds" modifies what is to be excluded from the property that the Chapter 7 Trustee can administer, rather than modifying what property is included in the Chapter 7 estate and thus capable of being administered by the Chapter 7 Trustee when appropriate. Their proffered testimony is largely based on the use of the word "are" in the phrase "which are part of the Bankruptcy estate at the time of conversion, including tax refunds."

The Court's reading of the pertinent sentence is that the phrase "which are part of the Bankruptcy estate at the time of conversion, including tax refunds" is used to modify the term "property." As Debtors note, this interpretation is grammatically incorrect since the word "property" is singular and the verb modifying it, "are," is plural. The Debtors' proposed experts argue that the phrase "which are part of the Bankruptcy estate at the time of conversion, including tax refunds" instead modifies either the word "monies" or "wages."

Although the interpretation offered by the two potential "experts" may be more grammatically correct, such interpretation is clearly inconsistent with the context in which the language arose and was added to the confirmation order—as the Schultzes' proffer from Mr. Hamilton confirms. It is extremely unlikely that the Court, when attempting to find a practical way to allow for the administration of Chapter 13 assets that should have been administered prior to conversion of the case, including tax refunds, would insert language

8

in the confirmation order that specifically excluded such property from the reach of the Chapter 7 Trustees.

Instead, what is far more likely is that this sentence simply contained a grammatical error. Taken in a vacuum (which is the exact context in which the English professor and tutor, with absolutely no expressed understanding of how Chapter 13s or Chapter 7s work, offer their opinion), the evidence proffered by the Debtors might be persuasive, but given the context of this case, the Court finds admission of this testimony would not change the Court's ultimate conclusion about the meaning of its own Confirmation Order.[14]

Finally, Debtors Schultz question how the Court can interpret its order in a fashion that clearly conflicts with § 348(f). This question was previously answered in the original opinion, and the Court simply refers the parties to note 20, which cites to the Tenth Circuit Court of Appeals decision, *United States v. Tippet*,[15] holding that the "res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case . . . ."

## III. CONCLUSION

The Court finds that each motion for reconsideration must be denied because no manifest error of law exists, and the proffered evidence, if admitted, would not change the

---

[14] And the professor even qualifies his opinion by stipulating "that the language of this badly written and badly punctuated paragraph is open to conflicting interpretations."

[15] 975 F.2d 713, 719 (10th Cir. 1992).

9

outcome. Even if the Court were to agree to hear evidence on the meaning of a sentence in its now former Confirmation Order, and the evidence admitted was entirely consistent with the proffers made by each of these Debtors, the Court would not change its interpretation of the language contained in the Confirmation Orders. For these reasons, the Court denies the motions for reconsideration.

**IT IS, THEREFORE, BY THE COURT ORDERED** that the Motions to Reconsider filed by Debtors Reed and Love[16] and the Motion to Alter or Amend Ruling of July 9, 2007, Regarding Paragraph 9 (or Paragraph 10) of the Confirmation Order by Debtor Schultz,[17] are denied.

# # #

---

[16] Doc. 145 in Case No. 03-40669 and Doc. 156 in Case No. 04-42566, respectively.

[17] Doc. 98 in Case No. 03-42331.